## WOOD V. HOLLAND.

Decided March 22, 1890.

1. *Mortgage sales—Redemption without suit—Act of 1879—Amount of tender.*

Under the act of March 7, 1879, regulating sales of property under mortgages and deeds of trust, the mortgagor has the right to redeem land sold under a mortgage without suit by tendering the amount bid with interest and costs, whether the debt secured be for purchase money or not.

2. *Suit in equity—Redemption—Amount of tender.*

But where the mortgagor resorts to equity to redeem land sold under a mortgage, he must offer to pay the mortgage debt, and not merely the amount of the bid under the mortgage sale.

APPEAL from *White* Chancery Court.

D. W. CARROLL, Chancellor.

Appellants in 1882 purchased of appellees certain lands for which they agreed to pay $600.00, to secure which pay-

ment they gave notes secured by a mortgage on the lands. Upon default in the payment of the purchase money, the trustee foreclosed the mortgage and sold the land to one of the appellees for the sum of $250.00. Within apt time appellants brought suit in equity to redeem said lands, tendering the amount bid thereon, with ten per cent interest and the cost of sale, amounting to $291.20. The court sustained a demurrer to the complaint.

The act of March 17, 1879, provides that real property sold under mortgages or deeds of trust "may be redeemed by the mortgagor at any time within one year from the sale thereof, by payment of the amount for which said property is sold, together with ten per cent interest thereon and cost of sale."

The appellants *pro se.*

1. Under the act of March 17, 1879, a mortgagor has a right to redeem lands sold under a mortgage given for the purchase money. The proviso dispenses with appraisement, when the mortgage is for purchase money. But the right to redeem is given in all cases.

2. The last provision of an act must control and govern the meaning, and when it is repugnant to the main body of the act, the proviso shall stand as it speaks the last intention of the law-makers. Sedg. on Stat. and Const. Law, p. 62.

3. The mortgagor had the right to redeem on paying the amount of purchase money, interest and costs. 40 Ark., 275.

*J. W. House* for appellees.

1. The provisions of the act of 1879 do not apply to sales for the purchase money. The rule of construction is that where the will of the legislature is clearly expressed, the courts should adhere to the literal expression of the statute, without regard to consequences. 24 Ark., 487; 52 Ark., 420.

2. But if the act does apply, before appellants can redeem, they must pay the full amount of purchase money due, with interest and costs. Jones, Mortg., sec. 1075; 14 Wall., 490; 4 Paige (N. Y.), 58; 14 Ill., 263; 6 Mich., 523.

PER CURIAM. The act of March 17, 1879, regulating sales of property under mortgages and deeds of trust, gives to the mortgagor in case of sale of real property the right to redeem within one year, whether the debt be for the purchase money or not. <span style="font-size:smaller">1. Mortgage sales — Redemption without suit —Amount of tender.</span>

In offers to redeem, under the provision, the act prescribes the amount to be tendered. The tender in this case was sufficient.

But when the party goes into a court of equity to redeem, he must offer to pay the whole purchase money due, and the absence of any tender to this end in the bill of appellants makes the action of the court correct. <span style="font-size:smaller">2. Suit to redeem from mortgage sale—Amount of tender.</span>

This will not prejudice any future action by appellants.

Affirm.