## SMITH *v.* SIMPSON.

### Opinion delivered May 28, 1917.

1. MORTGAGES—FORECLOSURE OF JUNIOR MORTGAGE—RIGHT OF PURCHASER TO REDEEM.—The purchaser under foreclosure proceedings instituted by a junior mortgagee has the right to redeem from the first mortgage.

2. MORTGAGES—WAIVER OF RIGHT OF REDEMPTION.—Where the mortgagor waived his right of redemption in the mortgage, no statutory right of redemption from the sale under the mortgage exists.

3. MORTGAGES—EQUITY OF REDEMPTION.—Independent of the statute allowing the redemption by paying the amount for which the property sold, with interest and costs, there is in equity a right to redeem from the mortgage.

4. MORTGAGES—EQUITY OF REDEMPTION—RULE IN EQUITY.—The rule in equity requires that to redeem property sold under a mortgage for less than the mortgage debt, the whole mortgage debt must be tendered or paid into court, and it is not sufficient to tender the amount for which the property sold.

5. MORTGAGES—REDEMPTION.—The courts recognize the distinction between redeeming from a mortgage and the statutory right of redemption from a sale under the mortgage. In redeeming from a mortgage it is necessary to pay what is due.

6. MORTGAGES—REDEMPTION BY JUNIOR MORTGAGEE.—A junior mortgagee, who was not a party to the foreclosure proceedings brought by the senior mortgagee, may redeem by paying or tendering the whole mortgage debt.

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*W. P. Feazel,* for appellant.

1. The appellant had the right to redeem. 64 Ark. 576; 744 *Id.* 143; 113 *Id.* 332; 140 Ill. 170. The sale under foreclosure extinguished the lien of the mortgage

whether the entire debt secured by the mortgage is satisfied or not. Black on Judgments, § 479; 76 Fed. 16; 23 Ore. 352; 50 Ia. 590; 140 Ill. 170; 65 Ark. 393.

2. Appellant is entitled to redeem upon the payment of the amount of the bid at the foreclosure sale, with interest, taxes, etc., and is not required to pay the entire mortgage debt, interest, costs, etc. 65 Ark. 393; 52 Col. 644; 125 Ala. 646; 82 Am. St. 271; 22 Cyc. 1826, 5.

3. The court erred in holding that because the mortgagor waived his equity of redemption neither he nor his successors had any statutory right to redeem; that the only right to redeem arose under the common law, or general principles of equity as defined in 53 Ark. 69. See Kirby's Digest, § 5420; 6 Tex. 294; 16 Am. Dec. 577, 105 Am. St. 417; 11 *Id.* 997; 27 Cyc. 1802, 4. Goodloe's successors still have the right to redeem under the statute. 106 Ark. 212; 57 *Id.* 198; 117 *Id.* 416; 113 *Id.* 337; 74 *Id.* 138.

4. A proper tender was made and kept alive. 55 Ark. 392; 57 *Id.* 198. A reasonable time to redeem should have been given. 74 Ark. 143; 64 *Id.* 576; 27 Cyc. 1817.

*D. B. Sain,* for appellee.

1. The statutory right to redeem was waived by Goodloe and his wife and they had nothing to convey to Frank Smith, and the statute expressly provides for a waiver in suits to foreclose mortgages. Kirby's Digest, § 5420.

2. When real estate is sold under the terms of the mortgage, the statute expressly provides for redemption within 12 months after said sale. *Ib.* § 5416. Under this statute there is no provision for a waiver of redemption. The question has long ago been settled adversely to appellant's contention. The whole mortgage debt must be paid. 53 Ark. 69; 14 Wall. 491; 2 Jones on Mortg. (4 ed.), § 1075; 103 Ark. 494; 102 *Id.* 649; 57 *Id.* 198; 64 *Id.* 104; 64 *Id.* 576. The decree is correct.

Willoughby Smith, Sr., became the purchaser of the property in question at a foreclosure sale by a junior mortgagee and then filed a bill in equity to redeem from a senior mortgage. The cause was tried upon an agreed statement of facts, which is substantially as follows: On the 13th day of December, 1913, William Goodloe executed a mortgage on the lands in controversy to C. N. Simpson to secure a debt of $633.70, and in this mortgage waived his right of redemption. On January 26, 1914, William Goodloe and wife, for a valuable consideration, executed a deed to said lands to Frank Smith. On the 24th day of August, 1914, Frank Smith and wife executed a mortgage on said lands to the Farmers Oil & Fertilizer Company to secure an indebtedness of $1,500. In September, 1915, Frank Smith died in Howard County, Arkansas, leaving surviving him, his widow and an infant child, Willoughby Smith, Jr., as his sole heir at law, without having paid said mortgage indebtedness to the Farmers Oil & Fertilizer Company. On November 17, 1915, C. N. Simpson instituted an action in the chancery court against William Goodloe and his wife to foreclose the mortgage executed to him. On the 9th day of February, 1916, the court found that William Goodloe was indebted to Simpson in the sum of $765.45 and $28.25 costs of suit, making a total of $793.70, and it was decreed that the mortgage should be foreclosed for the payment of said sum. On March 2, 1916, the land was sold and Simpson became the purchaser for the sum of $450.00. The sale was duly confirmed by the court. Goodloe was insolvent at the time he executed the mortgage to Simpson and has so continued to this time. After the death of Frank Smith, the Farmers Oil & Fertilizer Company commenced an action to foreclose its mortgage and the widow and Willoughby Smith, Jr., were made parties defendant. A decree of foreclosure was entered for the amount of the mortgage and Willoughby Smith, Sr., became the purchaser at the fore-

closure sale for the sum of $20.00. On the first day of November, 1916, Willoughby Smith, Sr., tendered to C. N. Simpson the sum bid by him at his foreclosure sale, together with the accrued interest and cost of suit and the taxes which he had subsequently paid on the property. Simpson refused to accept said sum of money as a redemption from his mortgage but demanded that Smith pay the whole amount of his debt. Smith placed in the registry of the court the sum of $529.19, this being the amount bid for the land at the foreclosure sale, together with interest at 10 per cent. and the costs of suit and the taxes subsequently paid by Simpson.

The court found that Simpson had offered to permit Smith to redeem the land upon the payment of the whole amount of his original mortgage amounting to the sum of $807.14. It was therefore decreed that the complaint of Smith be dismissed for want of equity unless he elected to redeem by the payment of the whole amount of the mortgage together with the cost of the action. Smith excepted to the finding of the court and has duly prosecuted an appeal to this court.

HART, J., (after stating the facts). (1) The farmers Oil & Fertilizer Company, the junior mortgagee, was not made a party to the foreclosure proceeding instituted by C. N. Simpson, the senior mortgagee. Willoughby Smith, Sr., the plaintiff in this action, purchased at the foreclosure proceeding instituted by the junior mortgagee and had a right to redeem from the first mortgage. *Dickinson* v. *Duckworth,* 74 Ark. 138; *Allen* v. *Swoope,* 64 Ark. 576: *Purcell* v. *Gann,* 113 Ark. 332; *Livingston* v. *New England Mortgage Security Co.,* 77 Ark. 379; *Longino* v. *Ball-Warren Commission Co.,* 84 Ark. 521; *Turman* v. *Bell,* 54 Ark. 273, and *Memphis & L. R. R. Co.* v. *State,* 37 Ark. 632.

Simpson's mortgage was foreclosed in chancery. Section 5420 of Kirby's Digest provides that where real property is sold under a foreclosure decree in chancery,

the mortgagor shall have the right to redeem at any time within one year from date of sale by the payment of the amount for which the property sold, together with the interest thereon at the rate borne by the decree and the cost of foreclosure and sale. The section also provides that the mortgagor may waive such right of redemption in the mortgage.

(2-4) In the present case the mortgagor waived his right of redemption in the mortgage executed to Simpson. Consequently no statutory right of redemption from the sale under Simpson's mortgage existed. Independent of the statute allowing the redemption by paying the amount for which the property sold with interest and costs, there is in equity a right to redeem from the mortgage. The rule in equity requires that to redeem property sold under a mortgage for less than the mortgage debt the whole mortgage debt must be tendered or paid into court, and that it is not sufficient to tender the amount for which the property sold. This is upon the principle that ''he who seeks equity must do equity.'' *German National Bank* v. *Barham,* 57 Ark. 533; *Wood* v. *Holland,* 53 Ark. 69; *Wood* v. *Holland,* 57 Ark. 198; *Fields* v. *Danenhower,* 65 Ark. 592.

(5) In all these cases the court recognizes the difference between redeeming from a mortgage and the statutory right of redemption from a sale under the mortgage. In each of them the rule laid down above is maintained. That is to say, in redeeming from a mortgage it is necessary to pay what is due on it.

(6) In the case of *Fields* v. *Danenhower, supra,* the court said: ''In actions to enforce the mortgagor's equity of redemption before foreclosure, the rule is that the whole debt must be paid. The debt being a unit, no party interested in the premises can compel the mortgagee to accept a portion, and to relieve the property *pro tanto* from the lien.'' 3 Pom. Eq. Jur. § 1220. The same rule is applied, even after foreclosure, when one having an interest in the mortgaged property—such, for in-

stance, as a junior incumbrance—is not made a party to the foreclosure proceedings, and afterwards comes into court for the purpose of enforcing his equity redemption. He must pay or tender the whole mortgage debt. In such cases, "the party offering to redeem proceeds upon the hypothesis that as to him the mortgage has never been foreclosed, and is still in existence. Therefore he can only lift it by paying it."

The court decreed that the complaint of the plaintiff be dismissed for want of equity unless he elected to redeem by the payment of the whole mortgage debt. The plaintiff excepted to the ruling of the court and appealed to this court.

From the principles above announced it is apparent that the ruling of the court was correct and the decree will be affirmed.