## SIMPSON *v.* SMITH.

Opinion delivered April 29, 1918.

1. REDEMPTION—FORECLOSURE OF MORTGAGE—OWNER OF EQUITY OF REDEMPTION.—The owner of an equity of redemption in land, not made a party in a foreclosure proceeding, may redeem after foreclosure by paying the entire mortgage debt.

2. REDEMPTION—FORECLOSURE—OWNER OF EQUITY OF REDEMPTION—RES ADJUDICATA.—The owner of the equity of redemption in land

sold under foreclosure of a mortgage, who offered to redeem by tendering only the amount of the purchaser's bid; and prosecutes an appeal from a judgment adverse to his contention, cannot thereafter redeem by tendering the amount of the entire mortgage debt.

Appeal from Howard Chancery Court; *James D. Shaver*, Chancellor; reversed.

*D. B. Sain*, for appellant.

1. Appellee has no right to redeem because his tender was not made within twelve months; the tender was not sufficient and his election of remedies in bringing the first suit is inconsistent with the present suit. He is precluded because he has had his day in court and refused to avail himself of the right to redeem offered him. 67 Ark. 206; 64 *Id*. 213; 94 *Id*. 443; 83 *Id*. 573; 135 Mass. 172.

2. By prosecuting his first suit he made an election and lost. His suit now is inconsistent. 78 Ark. 501; 78 *Id*. 569; 84 *Id*. 298; 97 *Id*. 439. See also as to rents. 84 Ark. 531.

3. This suit was not brought within a reasonable time. He is guilty of laches. Appellant has vested rights that should not be disturbed. 14 Ark. 445; 63 *Id*. 572; 68 *Id*. 333; *Collier* v. *Smith*, 132 Ark. 309.

*W. P. Feazel*, for appellee.

Appellee has the right to redeem as held by this court. 195 S. W. 1067. His tender is in time. The offer was made within a reasonable time. His tender was sufficient, and the two actions are not inconsistent but concurrent. 98 Ark. 219; 84 *Id*. 298; 108 *Id*. 342; 7 *Id*. 319; 13 *Id*. 533; 86 *Id*. 452; 108 *Id*. 342; 88 *Id*. 99. There were no laches and the decree is right.

HUMPHREYS, J. Appellee instituted suit against appellant in the Howard Chancery Court on the 18th day of August, 1917, to redeem the following described real estate, in Howard County, Arkansas, towit: East half, southeast quarter, southwest quarter, section 20, town-

ship 11 south, range 27 west, and a definitely described part of the east half of the southeast quarter of said section, township and range, containing in all fifty-five acres, from a mortgage executed by William Goodloe to C. N. Simpson, on the 13th day of December, 1913, upon the same lands to secure an indebtedness of $633.70. At the time of the execution of said mortgage, William Goodloe was the owner of the land. On January 26, 1914, William Goodloe sold and conveyed the land to Frank Smith, who executed a mortgage on the 24th day of August, 1914, to Farmers' Oil & Fertilizer Company to secure $1,500. The mortgage executed by Goodloe to C. N. Simpson was foreclosed in the chancery court, and at the foreclosure sale C. N. Simpson became the purchaser of the land for $450. In the meantime, Frank Smith had died, leaving Irene Smith, his wife, and Willoughby Smith, Jr., his only heir. In the Simpson foreclosure suit, Frank Smith's widow and child, nor the Farmers' Oil & Fertilizer Company, were made parties. After Frank Smith's death, in 1916, Farmers' Oil & Fertilizer Company foreclosed its mortgage. Frank Smith's widow and son were made parties and their equity of redemption was sold and purchased by Willoughby Smith, Sr., who is the appellee in this case. After appellee purchased the equity of redemption in this land, he offered to redeem same from the purchaser at the first mortgage sale, who is the appellant in this case, by paying to him the amount of his bid, interest and costs. Appellant refused to accept the amount tendered, but offered to accept the entire mortgage debt, so appellee instituted suit for redemption in the chancery court of Howard County, which case was appealed to this court and decided adversely to the claim of Willoughby Smith, Sr. The case is reported under the style, *Smith* v. *Simpson*, 129 Ark. 275. This court announced in that case that the owner of an equity of redemption in land, not made a party in a foreclosure proceeding, could redeem after foreclosure by paying the entire mortgage debt. In that case, the

trial court offered to allow Willoughby Smith, Sr., to redeem from the mortgage by payment of the entire mortgage debt to C. N. Simpson. This offer was refused, appellee standing on his right to redeem by paying the bid, interest and costs, and his original bill to redeem was dismissed. This court ruled in that case that the lower court properly dismissed the bill upon appellee's refusal to pay the mortgage debt. After the issue was adjudged adversely to him in that case, appellee tendered C. N. Simpson the full amount of the mortgage debt, including interest and costs, less the net rent collected by C. N. Simpson during the time he was in possession of the real estate, and requested a conveyance of the property. The offer to redeem was refused and this suit was instituted for the purpose of enforcing his alleged right of redemption. The trial court, under the pleadings and an agreed statement of facts, the substance of which has been set out herein, held that Willoughby Smith, Sr., had a right to redeem upon the payment of the entire mortgage debt, interest and costs, and $45, as representing the net rent collected by C. N. Simpson while in possession of the land. Willoughby Smith, Sr., then paid the additional $45 to the clerk of the court, whereupon the court canceled the title papers of C. N. Simpson and divested all the title to said real estate out of him and vested same in Willoughby Smith, Sr., from which decree an appeal has been prosecuted to this court.

Appellee is now prosecuting a second redemption suit, covering the same subject matter against the same party as in his first suit. In the first suit, he declined the offer of the court to permit him to redeem by paying the entire mortgage debt. He not only declined the offer of the court, but he elected to prosecute a suit to final decision in the Supreme Court upon the theory that he had a right to redeem by paying the bid, interest and costs of the foreclosure, which was much less than the mortgage debt. After the issues in that redemption suit were decided adversely to him, he tendered the amount

of the mortgage debt to appellant and instituted this suit to redeem the lands from the mortgage. We think he is precluded from prosecuting this suit for redemption for the reason that he had his day in court and refused to avail himself of the opportunity at that time to redeem by paying the mortgage debt. The equitable rule allowing the owner of the equity of redemption to redeem after foreclosure of the mortgage is available only in case the owner of the equity was not made a party in the foreclosure proceeding; or, phrasing it differently, because the owner of the equitable interest had not had a day in court. In the case at bar, the appellee had his day in court by his former redemption suit and had full opportunity therein to exercise the right of redemption he now contends for.

For the error indicated, the decree is reversed and remanded with direction to dismiss the bill for want of equity.