SHINN *v.* BARRIE.

Opinion delivered October 13, 1930.

*Robert Bailey,* for appellant.

*Robinson, House & Moses* and *Frank Bird,* for appellee.

HART, C. J., (after stating the facts). The decree of the chancery court was correct. No statutory right of redemption from the sale under the mortgage exists because the mortgagor had waived his right of such a redemption in the mortgage. *Smith* v. *Simpson,* 129 Ark. 275, 195 S. W. 1067.

Independent of the statute allowing the redemption by paying the amount for which the property is sold with interest and costs, there is in equity a right to redeem from the mortgage, which right may be exercised by the mortgagor or any one claiming the equity of redemption under him. The rule in equity, however, requires that, to redeem property sold under a mortgage for less than the mortgage debt, the whole mortgage must be paid or tendered into court, and it is not sufficient to tender the amount for which the property sold. *Wood* v. *Holland,* 53 Ark. 69, 13 S. W. 739; *Smith* v. *Simpson,* 129 Ark. 275, 195 S. W. 1067.

The reason is that, the debt being a unit, no party interested in the whole premises or in any portion of them can compel the mortgagee to accept a part of the debt and to relieve the property *pro tanto* from the lien. In such cases, a mortgage in equity and in fact is only a security for the payment of a debt; and it is essential, in order to exercise what is known as the "mortgagor's

equity of redemption," that the whole of the mortgage indebtedness must be tendered and paid.

Appellant only tendered the amount of the bid at the foreclosure sale which was less than the whole amount of the mortgage indebtedness. Hence the rule of the court was correct; and in this view of the matter it is not necessary to decide whether appellant waited too late to exercise the right of redemption. Therefore the decree will be affirmed.