SEABIE JERREL MEDLEY v. DAN D. STEPHENS, SUPERINTENDENT OF ARKANSAS STATE PENITENTIARY

5245                                      412 S. W. 2nd 823

Opinion delivered March 27, 1967

H. Murray Claycomb, for appellant.

*Joe Purcell,* Attorney General; *Rodney Parham,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Seabie J. Medley, appellant herein, was charged with the crime of Armed Robbery, the Information alleging that Medley, by force and intimidation, and armed with a revolver, took $80.00 in money from T. J. Bolin. Medley was also charged with Kidnapping. On January 4, 1963, Medley entered a plea of guilty to robbery, and was sentenced to 15 years imprisonment. On October 28, 1965, appellant filed a petition for a Writ of Habeas Corpus, alleging, *inter alia,* that he had been stopped by officers at a road block, arrested, his car searched without a warrant, and two pistols discovered in the glove compartment, one of these having allegedly been used in the robbery; further, that he made a statement of officers without being advised of his constitutional rights, and specifically without being given the right to legal counsel. On December 14, 1965, the petition was heard by the Jefferson Circuit Court, and at the conclusion of the hearing, the court, finding no merit in the petition, dismissed same, and Medley was returned to the Arkansas Penitentiary. From the judgment denying relief, appellant brings this appeal.[1]

For reversal, three points are relied upon, but we deem it unnecessary to discuss but one of these points, which, we think, determines the matter. Appellant asserts, "The statement of the appellant, and the plea entered thereafter by him, were obtained involuntarily, so that the judgment against him is void, and should be vacated." We do not agree. The Court, very properly, on January 4, 1965 (date of appellant's plea of guilty), had all court proceedings relating to the charge against Medley reported by the official court reporter. We think it appropriate to commend the Jefferson Circuit Court for adopting this procedure in receiving pleas of guilty.

[1] We treat this as an appeal under Criminal Procedure Rule No. 1.

It will at once be recognized that, in subsequent hearings on on petitions for post-conviction relief, after a plea of guilty (wherein allegations are contained that such plea was entered through mistake—or duress—or without being advised of the right to counsel), nothing is left to guesswork. The complete record is available. There is no need for the judge—or the prosecuting attorney—nor any other person—to testify from memory, and we recommend that, where possible, all trial courts, in accepting pleas of guilty, direct that a record be made of all proceedings therein. In the instant case, the record reflects, as follows:

"January 4, 1963, before the Court in open court. SEABIE J. MEDLEY.

THE COURT: You do not have to plead in this case if you don't think you should. You may get you an attorney, get you a jury trial, if you haven't anything with which to employ an attorney the Court will appoint you one. You are charged by information filed in the Jefferson Circuit Court of the crime of robbery alleging that you on the 3rd day of January, 1963, in Jefferson County, Arkansas, did then and there wilfully, unlawfully, feloniously, violently and by force and intimidation, armed with a revolver, take Eighty Dollars in money, gold, silver, and paper money, good and lawful money of the United States of America, the property of T. J. Bolin, from the person of the said T. J. Bolin, and against the will of said T. J. Bolin, contrary to the Statute in such cases made and provided, and against the peace and dignity of the State of Arkansas. Signed E. W. Brockman, Jr., Prosecuting Attorney. What is your plea?

A. Guilty sir.

THE COURT: You are guilty?

A. Yes sir.

THE COURT: You are also charged with kidnapping, alleging that on the 3rd day of December, 1963, in Jefferson County, Arkansas, forcibly and against his will, unlawfully, feloniously steal, take, arrest and carry away T. J. Bolin, from his service station at Sherrill, Arkansas, to the South side of the Free Bridge in Jefferson County, Arkansas, forcibly and against his will, contrary to the Statute in such cases made and provided, and against the peace and dignity of the State of Arkansas. Signed E. W. Brockman, Jr., Prosecuting Attorney. What is your plea to that?

A. Not guilty.

THE COURT: You didn't do that?

A. No sir.

THE COURT: Mr. Brockman, what is your recommendation?

MR. BROCKMAN: Your Honor, on the kidnapping, I recommend that he be given the maximum sentence of 21 years on robbery and dismiss the kidnapping. That will make him eligible for parole.

THE COURT: What trouble have you been into?
A. I will tell you everything I have been into. I got three years in the State of Alabama for grand robbery in 1959. March of 1960 I got 18 months for the Dyer act. (The defendant is sentenced by the Court to the State Penitentiary for a period of 15 years.)[2]

It is apparent that no advantage was taken of Medley; that his plea of guilty was entirely voluntary, and that, in entering the plea of guilty, he waived his right to counsel, and his right to a jury trial.[3] These rights

[2]The charge of kidnapping was subsequently dismissed.

[3]The only suggested improvement in the procedure followed by the court would have been for the court to specifically ask Medley, "Do you waive your right to counsel and a jury trial?"

can be waived. *Gideon* v. *Wainwright,* 83 S. Ct. 792 (1963); *Johnson* v. *Uerbst,* 304 U. S. 458. Of course, since appellant pleaded guilty, the statement or confession that he alleged (in his petition) to have been involuntarily obtained, never reached any jury, and it can hardly be contended that any prejudice resulted. It might be mentioned, however, that *Escobedo* v. *Illinois,* 378 U. ℣ 478, relied upon by Medley in his contention that his statement was made without benefit of counsel, cannot be of aid to appellant, for without distinguishing the instant case from that of *Escobedo,* it is enough to say that that holding affected only those cases in which the trial began after June 22, 1964. *Johnson et al* v. *New Jersey,* 384 U. S. 719. Medley was sentenced on January 4, 1963.

Likewise the contention of illegal search of his car (at which time the pistols were found) is without merit, for, as pointed out, the plea of guilty was entered, and the record does not reflect that the pistols were ever offered in evidence. Accordingly, no prejudice could have resulted.[4]

We find no violation of any of appellant's constitutional rights, either federal or state.

Affirmed.

[4] A "sheriff's report," which appears in the record, explains very thoroughly why Medley was stopped at the road block and arrested, and also makes it evident that the officers made the arrest with reasonable cause, thus making the search of the car incident to the arrest. However, the report cannot be considered as admissible evidence, and accordingly cannot be discussed.