JAMES BATTLE OLDHAM *v.* STATE

5263                      414 S. W. 2d 610

Opinion delivered May 1, 1967

[Rehearing denied June 5, 1967.]

*James R. Van Dover* and *F. N. Burke Jr.,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. General, for appellee.

J. FRED JONES, Justice. On October 22, 1965, appellant entered pleas of guilty to two counts of grand larceny and two counts of burglary in the Lee County Circuit Court and was sentenced to five years in the penitentiary on each count of burglary and four years on each count of grand larceny. One of the larceny counts and one of the burglary counts grew out of the theft of a saddle, and the other two counts grew out of the theft of a pistol. Each of these items was taken from a different place in Lee County. The sentences were cumulative and concurrent and actually amounted to one sentence of nine years on all counts.

Appellant was committed to the penitentiary and on April 4, 1966, he filed a petition in the Lee County Circuit Court for a writ of habeas corpus alleging that his constitutional rights had been violated by failure of the trial court to provide him with counsel. Hearing was had by the trial court on appellant's petition and the writ was denied. Appellant has appealed to this court and relies on the following point for reversal:

"Point 1. The Court erred in failing to grant the appellant a new trial for the reason there is no proof in the record that appellant was advised of his constitutional right to counsel and that he knowingly waived his right."

Appellant was first arrested in Memphis, Tennessee, and charged with drunkenness when he was found asleep in his automobile. The arresting officers found a saddle and a pistol in the trunk of appellant's automobile, and apparently the saddle and pistol were identified as objects taken from burglarized buildings in Lee County, Arkansas, and the appellant was charged with

burglary and grand larceny as above set out. Appellant waived extradition from Tennessee to Arkansas, entered pleas of guilty on arraignment in Municipal Court, as well as in Circuit Court where his sentences to the penitentiary were imposed. He now contends in support of his petition for habeas corpus, that the saddle and pistol were found in his possession through an unlawful search and seizure conducted by the police officers in Memphis. Having entered pleas of guilty, the record remains silent as to the evidence upon which the state based its information and upon which the state would have relied at the trial of the cases. Appellant testified at the hearing on his petition as follows:

\* \* \*

"Q. That is the gun and saddle you were charged with stealing in Lee County?

A. Yes, sir.

Q. Do you know where you were accused of stealing them from?

A. Yes sir, from R. K. Monroe and Freeland Nash.

Q. Were they stolen from the same place?

A. No, sir.

Q. One charge referred to the taking of the gun and the other the taking of the saddle?

A. Yes, sir."

Appellant argues, however, that his constitutional rights were violated in that there is no proof in the record that he was advised of his constitutional right to counsel and that he knowingly waived that right.

There is considerable conflict in the testimony as to whether the appellant was advised that he had a right

to the assistance of counsel in his defense. Appellant testified that he knew the nature of the charges against him and the penalty involved. He testified that he did not request the assistance of counsel and that to the best of his knowledge, he was not offered counsel or asked by the court if he desired counsel at the time he entered his plea of guilty.

The trial judge examined the appellant at some length on this point, and then the trial judge stated, in response to an inquiry by appellant's counsel, as follows:

\* \* \*

"I don't remember every word this court said to him, but I do know that for the past year or eighteen months we ask every defendant if he has an attorney or if he wants an attorney and if he is going to plead guilty we appoint somebody to confer with him before he enters his plea."

The trial court is to be commended for adopting this procedure and if a *record* could be made of such proceedings, it would be of considerable value to the trial court in properly disposing of petitions of this nature and would be of considerable value to this court on appeal. Such record would avoid the necessity of a trial judge matching his memory with that of a defendant as to events that transpired in a trial over which he presided.

Whether the appellant in this case was or was not advised that he was entitled to the assistance of counsel, we conclude from a study of the entire record before us, that the appellant had full knowledge of his right to counsel and that he intelligently waived it.

Appellant testified at the hearings on his petition that he prepared the petition and had no assistance in the preparation of his petition and the other pleadings filed by him in this case. From a very cursory examination of the pleadings prepared by the appellant in this case,

including the citations of authority in support of his petition for the writ of habeas corpus, we are convinced that appellant certainly must have known that he was entitled to the assistance of counsel whether he was so advised by the trial court at his arraignment or not.

The record reveals that after counsel was appointed by the trial court to assist appellant in this case, the appellant on November 20, 1966, wrote to the attorney as follows:

\* \* \*

"If possible I would like for you to visit me here as there [are] some points to this case which I feel should be gone over with you. I do request a copy of all legal papers to be filed in this appeal. I would like a copy of the transcript, Bill of informations, Warrants, and Commitments on this case. I also want a copy of the appeal brief, before it is filed with the Supreme Court. I do not want any unnecessary delays in this appeal. I would like very much for you to work with me on this matter, which I'm sure you are capable of doing. So that this appeal may be filed with the Supreme Court just as soon as possible. Thanking in advance for any consideration you may give me on this."

And on December 3, 1966, he wrote to his attorney as follows:

"I am writing you in regards to a letter I wrote you on the 19th day of November, as you have not seen fit to answer this letter which was asking you to let me know what action you had taken on my appeal. As you have not taken time to answer this letter. I know you must feel this case to be a burden upon you. As I feel sure that you know and I know you did not want this case when you were appointed for the writ of habeas corpus hearing on May 31, 1966. As you made known at that time. I have no

choice but to ask you to ask the Court to release you from this case. For I do not feel that you can or will properly represent me in this appeal. If you do not see fit to do this. Then I will ask the court to do so myself.''

In the case of *Swagger* v. *State*, 227 Ark. 45, 296 S. W. 2d 204, where a nineteen year old uneducated boy who had never appeared in court before was involved, this court said:

''The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.''

At the hearing before the trial court on the petition, appellant testified in answer to questions, as follows:

\* \* \*

''Q. Will you tell the Court why you entered a plea of guilty?

A. Well, it all breaks down to one thing, or things, which I won't bring out now.

Q. I want you to bring out everything. You are accusing this Court of mistreating you and I want you to bring out everything.

A. I think I done what anybody would do under the circumstances. It was more or less my understanding that if I would plead guilty I would receive my sentence and could serve it and be on my way, as to where if I did not enter a plea of guilty I could receive a longer sentence. Another thing I was in a strange

State without help, therefore I did enter a plea of guilty.

Q. Do you mean you were willing to enter a plea of guilty and go down there and serve a sentence when you were not guilty?

A. Under the circumstances.

Q. Under what circumstances?

A. That I do not want to bring in."

The appellant in the case at bar is 41 years of age. He admitted he had served at least three prior sentences on pleas of guilty. Appellant's record with the United States Department of Justice, appearing as a part of the record on this appeal reveals considerable experience as a defendant in criminal law cases. This record reveals that appellant was sentenced in Indiana on a fraud count; that he was sentenced in Kentucky, as well as Indiana, for violation of the Dyer Act; that he was sentenced in Indiana and in Georgia for transporting a stolen automobile; that he was sentenced in Mississippi under the Dyer Act; that he was sentenced in Indiana for transporting a stolen automobile; that he was sentenced on a similar charge in Georgia; that he was also sentenced in Georgia for theft; that he was sentenced in Tennessee on felonious use of an automobile; that he was sentenced to five years in Florida for armed robbery, and on August 17, 1965, he was fined $26.00 in Memphis, Tennessee for being drunk in an automobile.

From our examination of the entire record in this case, we are convinced that appellant knew of his constitutional rights to have the assistance of counsel, and that he intelligently waived his right to counsel when he entered his pleas of guilty in this case. We are of the opinion that appellant's constitutional rights were not

violated by the failure of the trial court to appoint counsel for the appellant when no request for counsel was made by appellant, and that the trial court was correct in denying the petition for a writ of habeas corpus.

The judgment of the trial court is affirmed.

Affirmed.