H. A. TURNER v. STATE OF ARKANSAS

5370                                        432 S.W. 2d 757

Opinion Delivered October 21, 1968

*Shaver, Tackett & Jones* and *Nicholas H. Patton* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

J. FRED JONES, Justice.    The question presented on this appeal is whether the appellant, under post-conviction relief, is entitled to a new trial as a matter of law when he was sentenced to the penitentiary on a plea of guilty at preliminary hearing on arraignment and no stenographic record was made of the proceedings, resulting in the absence of a transcript of the record.    The trial court answered the question in the negative and we sustain the trial court.

On February 1, 1965, the appellant, H. A. Turner, was charged by information with the crimes of burglary and grand larceny in Miller County, Arkansas.    Upon arraignment in circuit court on February 8, 1965, he entered pleas of guilty and on March 19, 1965, he was sentenced to three years in the penitentiary with two of the three years suspended during good behavior. After the appellant was sentenced, but before he was transferred to the penitentiary, he escaped from the Miller County jail, and released other prisoners in the process.    He was later apprehended in the state of Mississippi, brought back to Miller County and on March 23, 1965, he was charged with the rescue of a felon, which is a crime in Arkansas, and was also charged with burglary committed after his escape and before apprehension. When arraigned on these charges on March 26, 1965, the appellant again entered pleas of guilty, and the previously suspended sentence was revoked. Appellant was sentenced to three additional years on the rescue charge and two additional years on the additional burglary charge, the three sentences to run consecutively.

On October 30, 1967, appellant filed petition for habeas corpus alleging violation of his constitutional

rights in connection with his first arrest, pleas of guilty and conviction. Appellant's petition was treated as a petition for post-conviction relief under Criminal Procedure Rule No. 1 and he was granted a trial court hearing on January 3, 1968. Appellant was represented by court appointed counsel at this hearing and he testified in his own behalf.

The substance of appellant's testimony was to the effect that he was arrested by a Miller County, Arkansas, police officer on the Texas side of Texarkana without a warrant and placed in the Miller County jail; that he was not mistreated or threatened in any manner, but that some two or three weeks after his arrest, and after he was interrogated eight or nine times, he signed a written confession to burglary and grand larceny in connection with breaking and entering the Elks Club in Texarkana, Arkansas.

On cross-examination appellant testified that he was not guilty of the Elks Club burglary but pleaded guilty because of the confessions he knew that two co-defendants had signed and one he had himself signed, and the further fact that the sheriff and the prosecuting attorney indicated that he would get less time under a sentence on a plea of guilty than if convicted on a plea of not guilty.

In this connection appellant testified in part as follows:

"Q. Why did you enter a plea of guilty at that time, Mr. Turner?

A. Because I had two statements signed against me, and I thought I was going to the penitentiary, and they told me I was going to get off lighter if I pled guilty.

Q. When you are talking about two statements signed against you, are you talking about your

own statements, or the statements of other persons?

A. Statements of other people that were involved in the alleged event.

Q. Did you at any time sign a statement evidencing your guilt?

A. Yes, I did.

*    *    *

Q. Who did the interrogating, Mr. Turner?

A. Virgil Faulkinbury, the sheriff at the time, and Mr. O'Neal, was the ones that was questioning me.

Q. Did they ever at any time advise you whether or not you had a right to an attorney?

A. Well, I have never yet been told that I had a right to an attorney.

Q. Were you told by Judge Brown at the hearings, or do you recall?

A. I don't recall.

Q. Were you told when you went to Mr. Goodson's office whether or not you had the right to an attorney, or whether or not you could remain silent?

A. He told me I could remain silent. He did not tell me I could have an attorney.

Q. All right, why did you give this statement, again?

A. Because they told me I might get off lighter if I give them a statement.

Q. Who told you this?

A. Well, the sheriff, and the deputy sheriffs, and the prosecuting attorney.

Q. All right, what happened after you were formally arraigned and entered pleas before Judge Brown?

A. Well, they locked me back up, and I went to court, I don't remember the date I went to court, but they give me three years.

Q. You went back to court for sentencing?

A. I believe it was.

Q. At that time what was your sentence?

A. Three years, two suspended and one to do.

Q. All right, tell the court what subsequently occurred after that?

A. I broke out of jail, and I was caught in Mississippi, and they brought me back and charged me with another burglary, and give me three years on it. They revoked the suspended sentence and give me the full three years, and give me another three years, and give me two years for jail escape.

Q. For rescue of a felon?

A. Yes.''

The prosecuting attorney testified that he advised appellant of his constitutional rights, including right to counsel, before taking his written confession and that the trial court always advised every defendant of his

constitutional rights, including right to court appointed counsel, before accepting a plea of guilty. The prosecuting attorney admitted that he very often made recommendations of clemency to the trial court upon pleas of guilty, but that in no case did he ever bargain with a defendant to trade his influence with the court for a plea of guilty and that he did not do so in this case.

In the cases of *Orman* v. *Bishop*, 243 Ark. 609, 420 S.W. 2d 908; *Medley* v. *Stephens, Supt.*, 242 Ark. 215, 412 S.W. 2d 823, and *Oldham* v. *State*, 242 Ark. 479, 414 S.W. 2d 610, we clearly pointed out the desirability of having stenographic records made of proceedings on preliminary hearings and arraignments when pleas of guilty are to be accepted, but we have not gone so far as to hold that the absence of such record entitled a defendant to a new trial as a matter of law, and we refuse to do so now.

The absence of such record simply places a tremendous, and sometimes embarrassing, burden on the state, when it is forced to rely on the memory of court officials to rebut the evidence of a petitioner. The court official's memory is sometimes clouded by many other routine cases that have intervened, whereas the petitioner, though immensely interested in the outcome, is under no such handicap. It should not be necessary for a trial judge to leave the bench and match memories with a prisoner as to facts and circumstances surrounding a sentence imposed by the judge a year or two years previously. There is no evidence that the right of a prisoner to a hearing on petition for post-conviction relief is not here to stay, so we assume that by now, the importance of a stenographic record is obvious to every trial judge in the state.

Now as to the case at bar, appellant's confession, either written or oral, was not *used against him*. He entered his plea of guilty in open court. He says that he entered his plea of guilty because he and his co-defend-

ants had signed written confessions and because he was promised a lighter sentence than he would likely receive if convicted on a plea of not guilty. The penalty for burglary in Arkansas is not less than two nor more than 21 years, and for grand larceny not less than one nor more than 21 years—so a sentence of three years with two years suspended was certainly no heavy penalty for burglary and grand larceny. The appellant testified that he knew he would have been released in four months.

The record made on arraignment, when the suspended sentence was revoked, lends credence to the prosecuting attorney's testimony as to the procedure followed by the trial court. This record is as follows:

"BY THE COURT: How old are you?

BY DEFENDANT TURNER: Twenty-four.

THE COURT: Would you like to have the advice of counsel, or attorney, before you tell me whether you are guilty of this charge?

DEFENDANT TURNER: I am guilty, sir.

THE COURT: All right. I wanted to offer you the advice of an attorney if you so desired.

DEFENDANT TURNER: Yes, sir."

From the overall record in this case, we are of the opinion that there was substantial evidence to support the trial court's finding of fact that appellant's constitutional rights had not been violated and that appellant's petition should be denied.

The judgment of the trial court is affirmed.

Brown, J., disqualified.