The Honorable James T. Jordan State Representative P.O. Box 518 Monticello, Arkansas 71655-0518
Dear Representative Jordan:
This opinion is being issued in response to your recent question regarding the waiver of retirement benefits. As background for your inquiry, you have indicated that the city council of a city of the first class voted to combine the mayor's public relation fund and his salary. This manner of payment was later questioned, and in order to settle the dispute, the mayor agreed to "waive all pension benefits, past or future, that he was entitled to as Mayor." (You point out that mayors of cities of the first class who have served for at least ten years are statutorily entitled to retirement benefits.) You state that after serving for ten years and two months, the mayor in question requested his pension.
On the basis of the foregoing facts, you have presented the following questions:
(1) Can a statutory right (such as retirement benefits) be waived?
(2) Is the city's governing body bound by such waiver?
(3) Can a waiver be revoked?
RESPONSE
Question 1 — Can a statutory right (such as retirement benefits) bewaived?
It is my opinion that statutory rights such as retirement benefits can be waived. The Arkansas Supreme Court has stated: "There is no question that many constitutional and procedural rights may be waived." Martin v.State, 254 Ark. 1065, 497 S.W.2d 268 (1973), citing Cox v. State,240 Ark. 911, 405 S.W.2d 937; Moore v. State, 241 Ark. 335, 407 S.W.2d 744;Medley v. Stephens, 242 Ark. 215, 412 S.W.2d 823; Leasure v. State,254 Ark. 961, 497 S.W.2d 1; Durham v. State, 179 Ark. 507, 16 S.W.2d 991
(1929). The court has further clarified that among the rights that can be waived are statutory rights. In Sirmon v. Roberts, 209 Ark. 586,191 S.W.2d 824 (1946), the court stated: "[T]here is nothing to prevent a competent person from agreeing to forego designated rights; and this is true whether such rights are conferred by law or by contract." Sirmon,209 Ark at 588, citing Bowers on The Law of Waiver, p. 19; Corpus Juris, v. 67, pages 290-291. In Sirmon, the court held that one of the parties had waived the statutory right to notice of termination, stating: "`A statute cannot stand in the way of waiver or equitable estoppel when the facts demand their application in the interest of justice.'" Sirmon v.Roberts, 209 Ark. at 588, quoting Kallock v. Elward, 118 Me. 346,108 Atl. 256, 8 A.L.R. 750. Accord, Shinn v. Barrie, 182 Ark. 366,31 S.W.2d 540 (1930) (statutory right to redeem mortgaged property deemed waived). See also 92 C.J.S. 1067.
Upon the basis of the foregoing legal authorities, I conclude that the statutory right to retirement benefits can be waived.
However, it is well established that the question of whether a waiver has occurred is a question of fact. See Sirmon v. Roberts, supra. See also
28 Am. Jur. 2d § 173. The party asserting the occurrence of a waiver must establish both knowledge and intent. 28 Am. Jur. 2d § 158. Because only a court is qualified to make a final ruling as to the existence of the facts that are necessary to establish a waiver, I am unable to opine conclusively as to whether a waiver actually occurred in the situation that is the basis for your question.
Question 2 — Is the city's governing body bound by such a waiver?
It is my opinion that the city's governing body is not bound by such a waiver.
Because a waiver can be revoked with the consent of the party who would benefit from the waiver (see response to Question 3), it follows that the benefitted party, rather than being bound by the waiver, has exclusive control over whether the waiver is binding or not. (It should be noted that the waiver is binding upon the waiving party, unless the benefitted party consents to a revocation.)
Question 3 — Can a waiver be revoked?
It is my opinion that a legally effective waiver cannot be revoked unless the party in whose favor the waiver is to operate gives consent to the revocation.
It has been stated that "it is well-settled that a waiver once made is irrevocable, even in the absence of consideration, or of any change in position of the party in whose favor the waiver operates." 28 Am. Jur. 2d § 156. See also 92 C.J.S. 1069. But see Beene v. Green, 127 Ark. 119
(1917) (party asserting implied waiver must show reliance or change in position to detriment). However, the treatises recognize that a revocation of waiver can be effected with consent of the beneficiary, stating, for example, that "once a right is waived the waiver cannot be withdrawn without the consent of the other party." 28 Am. Jur. 2d § 156.
I therefore conclude that if a waiver has occurred in the situation about which you have inquired, it could only have been revoked with the consent of the city's governing body. Again, however, the questions of whether a waiver occurred, whether a revocation occurred, and whether the governing body consented to a revocation are all questions of fact upon which I am unable to opine conclusively.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh