The Honorable Sam E. Angel, III State Representative P.O. Box 748 Lake Village, Arkansas 71653
Dear Representative Angel:
This opinion is being issued in response to your recent question regarding the waiver of entitlement to statutory pension benefits. Your correspondence indicates that the former mayor of the City of McGehee, Arkansas waived his pension benefits in order to settle a dispute over the fact that he had combined his public relation fund with his salary. The former mayor later requested that the city pay his pension benefits. On the basis of these facts, you have presented the following specific question:
 Can a mayor of a city of the first class waive his right to a pension which he would otherwise be legally entitled to receive?
It is my opinion that a mayor of a city of the first class can waive his right to a pension that he would otherwise have been legally entitled to receive.
I have recently issued Op. Att'y Gen. No. 96-058, in which I addressed this issue. (I am enclosing a copy of Op. Att'y Gen. No. 96-058 for your review. It also addresses some related issues in which you might be interested.) I pointed out in Op. Att'y Gen. No. 96-058 that the Arkansas Supreme Court has stated: "There is no question that many constitutional and procedural rights may be waived." Martin v. State, 254 Ark. 1065,497 S.W.2d 268 (1973), citing Cox v. State, 240 Ark. 911, 405 S.W.2d 937;Moore v. State, 241 Ark. 335, 407 S.W.2d 744; Medley v. Stephens,242 Ark. 215, 412 S.W.2d 823; Leasure v. State, 254 Ark. 961, 497 S.W.2d 1;Durham v. State, 179 Ark. 507, 16 S.W.2d 991 (1929). The court has further clarified that among the rights that can be waived are statutory rights. In Sirmon v. Roberts, 209 Ark. 586, 191 S.W.2d 824 (1946), the court stated: "[T]here is nothing to prevent a competent person from agreeing to forego designated rights; and this is true whether such rights are conferred by law or by contract." Sirmon, 209 Ark at 588, citing Bowers on The Law of Waiver, p. 19; Corpus Juris, v. 67, pages 290-291. In Sirmon, the court held that one of the parties had waived the statutory right to notice of termination, stating: "`A statute cannot stand in the way of waiver or equitable estoppel when the facts demand their application in the interest of justice.'" Sirmon v. Roberts,209 Ark. at 588, quoting Kallock v. Elward, 118 Me. 346, 108 Atl. 256, 8 A.L.R. 750. Accord, Shinn v. Barrie, 182 Ark. 366, 31 S.W.2d 540 (1930) (statutory right to redeem mortgaged property deemed waived). See also 92 C.J.S. 1067.
It should be noted that I also pointed out in Op. Att'y Gen. No. 96-058
that it is well established that the question of whether a waiver has occurred is a question of fact. See Sirmon v. Roberts, supra. See also
28 Am. Jur. 2d § 173. The party asserting the occurrence of a waiver must establish both knowledge and intent. 28 Am. Jur. 2d § 158. Because only a court is qualified to make a final ruling as to the existence of the facts that are necessary to establish a waiver, I am unable to opine conclusively as to whether a waiver actually occurred in the situation that is the basis for your question.
Nevertheless, there is no question that such a waiver can occur.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh