The Honorable Judy Seriale Smith State Representative P.O. Box 213 Camden, Arkansas 71701-0213
Dear Representative Smith:
This official Attorney General opinion is issued in response to the several questions you have raised concerning landlords and tenants. You have asked:
 (1) Does A.C.A. § 18-16-108 permit the sale of property without notice to the owner?
 (2) Does A.C.A. § 18-16-108 void all other notice requirements concerning the disposal or sale of the tenant's property?
 (3) Is A.C.A. § 18-16-108 applicable only to landlords and tenants in the real estate industry?
 (4) If construction and/or farm machinery are left on property after the termination of a lease, can this property be disposed of pursuant to the provisions of A.C.A. § 18-16-108 without notice or demand to the owner of the property to redeem, correct, or rectify?
 (5) Does A.C.A. § 18-16-108 waive any notice requirements in a verbal or written lease agreement for storage between two parties prior to the disposal of the property by the landlord?
 (6) Is verbal notice (in lieu of written notice) sufficient for a landlord to double the rent of a tenant pursuant to A.C.A. § 18-16-106?
 (7) Would a verbal notice to vacate (in lieu of written notice), given by a landlord to a tenant, be sufficient under A.C.A. § 18-16-101, -106, and -108?
RESPONSE
Question 1 — Does A.C.A. § 18-16-108 permit the sale of property withoutnotice to the owner?
It is my opinion that A.C.A. § 18-16-108 does permit the sale of property without notice.[1]
A.C.A. § 18-16-108 states:
18-16-108. Property left on premises after termination of lease.
 Upon the voluntary or involuntary termination of any lease agreement, all property left in and about the premises by the lessee shall be considered abandoned and may be disposed of by the lessor as the lessor shall see fit without recourse by the lessee. All property placed on the premises by the tenant or lessee is subjected to a lien in favor of the lessor for the payment of all sums agreed to be paid by the lessee.
A.C.A. § 18-16-108.
The language of the statute is clear and unambiguous in allowing disposition without recourse by the lessee, and its use of the term "abandoned" is legally significant. The Arkansas Supreme Court has defined the term "abandonment," stating as follows:
 In the case of Woodson v. Lee, 221 Ark. 517, 254 S.W.2d 326 we approved the definition of the word" abandonment" to mean:
 To relinquish or give up with the intent of never again resuming or claiming one's rights or interests in; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; . . .
Hyde v. Hyde, 240 Ark. 463, 464, 400 S.W.2d 288 (1966). See also Op. Att'y Gen. No. 88-035.
As defined by the Arkansas Supreme Court, the concept of "abandonment" is inconsistent with a requirement of notice. See also Crosson v. Lion Oil Refining Company, 169 Ark. 561, 275 S.W. 899 (1925) (title to abandoned oil goes to whoever takes possession of it). That is, a property owner who does not intend at any point in the future to claim his or her rights or interests in the property has no need of notice that the property will be disposed of. It should be noted that the intent to abandon is placed upon the lessee by A.C.A. § 18-16-108. Therefore, the lessee's actual intent is irrelevant. By virtue of A.C.A. § 18-16-108, the lessee is deemed to have the intent to abandon the property.
Accordingly, I must conclude that the plain and unambiguous provisions of A.C.A. § 18-16-108 do not require notice to the lessee prior to the disposition of property left on the leased premises.
Question 2 — Does A.C.A. § 18-16-108 void all other notice requirementsconcerning the disposal or sale of the tenant's property?
It is my opinion that A.C.A. § 18-16-108 does not void other notice requirements concerning the disposal of property left on leased premises. However, in order to evaluate whether any particular notice requirement has been voided by this statute, it would be necessary for me to know the particular requirement under consideration. Because you have not specified any particular notice requirements, I cannot answer this question definitively. However, I will set forth the parameters of the law that will govern the question of whether any particular notice requirement has been voided by A.C.A. § 18-16-108.
Arkansas law generally weighs in favor of a conclusion that A.C.A. §18-16-108 does not have the effect of voiding the notice requirements that are set forth in other statutes. Implied repeals are not favored in Arkansas law and will never be allowed unless a legislative intent to repeal appears clearly and plainly, see Riceland Food v. Second InjuryFund, 289 Ark. 528, 715 S.W.2d 432 (1986); Davis v. Cox, 268 Ark. 78,593 S.W.2d 180 (1980), or unless the old and new laws are so repugnant to one another that both cannot stand. See Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994); Thomas v. State, 315 Ark. 518, 868 S.W.2d 85 (1994). Moreover, the legislature is not only presumed to have acted with knowledge of the laws in effect at the time of enactment, see Town ofBenton v. Willis, 76 Ark. 443, 88 S.W. 1000 (1905), but the courts are required to reconcile and uphold, if possible, two statutes addressing the same subject. See Darr v. Bankston, 327 Ark. 723, 940 S.W.2d 481
(1997).
These are the principles of law that must be considered in evaluating whether any particular notice requirement has been voided by the provisions of A.C.A. § 18-16-108. Generally speaking, it is often possible to reconcile seemingly conflicting statutes on the basis of their scope. In light of this factor, as well as the law's leaning in favor of such reconciliation, it is my opinion generally that an evaluation of A.C.A. § 18-16-108 with other notice requirements will likely result in a finding that the other notice requirements have not been voided.
Question 3 — Is A.C.A. § 18-16-108 applicable only to landlords andtenants in the real estate industry?
It is my opinion that A.C.A. § 18-16-108 is not applicable only to landlords and tenants in the real estate industry.
A.C.A. § 18-16-108 was enacted as a part of Act 577 of 1987. There is nothing in the statute or in the original Act that would indicate a legislative intent to limit its applicability to landlords and tenants in the real estate industry. I therefore cannot conclude that an interpretation limiting the statute in this manner would be appropriate.
Question 4 — If construction and/or farm machinery are left on propertyafter the termination of a lease, can this property be disposed ofpursuant to the provisions of A.C.A. § 18-16-108 without notice or demandto the owner of the property to redeem, correct, or rectify?
See response to Question 1.
Question 5 — Does A.C.A. § 18-16-108 waive any notice requirements in averbal or written lease agreement for storage between two parties priorto the disposal of the property by the landlord?
It is my opinion that a valid and enforceable lease agreement for storage between a landlord and tenant, requiring notice prior to disposal of the property by the landlord, can supersede the provisions of A.C.A. §18-16-108, if it can be factually established that the landlord, by entering into the agreement, intended to waive the right to dispose of the property without notice, pursuant to A.C.A. § 18-16-108. Because the question of whether a such a waiver by the landlord was actually intended is a question of fact, I cannot opine conclusively in response to this question. Nevertheless, I will discuss the applicable law.
Statutory rights can be waived under Arkansas law. In Sirmon v. Roberts,209 Ark. 586, 191 S.W.2d 824 (1946), the Arkansas Supreme Court stated: "[T]here is nothing to prevent a competent person from agreeing to forego designated rights; and this is true whether such rights are conferred by law or by contract." Sirmon, 209 Ark. at 588, citing BOWERS ON THE LAW OF WAIVER, p. 19; CORPUS JURIS, v. 67, pages 290-291. In Sirmon, the court held that one of the parties had waived the statutory right to notice of termination, stating: "`A statute cannot stand in the way of waiver or equitable estoppel when the facts demand their application in the interest of justice.'" Sirmon v. Roberts, 209 Ark. at 588, quotingKallock v. Elward, 118 Me. 346, 108 Atl. 256, 8 A.L.R. 750. Accord, Shinnv. Barrie, 182 Ark. 366, 31 S.W.2d 540 (1930) (statutory right to redeem mortgaged property deemed waived). See also 92 C.J.S. 1067.
As noted previously, the question of whether a waiver has occurred is a question of fact. See Sirmon v. Roberts, supra. See also 28 Am. Jur. 2d § 173. The party asserting the occurrence of a waiver must establish both knowledge and intent. 28 Am. Jur. 2d § 158. Therefore, in order to establish that the landlord about whom you have inquired did, in fact, waive his or her statutory rights under A.C.A. § 18-16-108, it will be necessary to show that the landlord both knew and intended to forego those rights. If these two elements can be factually established (and if, of course, the agreement for storage is established to be valid and enforceable), the agreement will prevail over the provisions of A.C.A. §18-16-108.
Question 6 — Is verbal notice (in lieu of written notice) sufficient fora landlord to double the rent of a tenant pursuant to A.C.A. §18-16-106?
It is my opinion that verbal notice in lieu of written notice is not sufficient for a landlord to double the rent of a tenant pursuant to A.C.A. § 18-16-106. The language of A.C.A. § 18-16-106 plainly requires written notice, stating in pertinent part:
18-16-106. Holding over after termination of term.
 (a) If any tenant for life or years or if any other person who may have come into possession of any lands and tenements under, or by, collusion with the tenant shall willfully hold over after the termination of the term and thirty (30) days' previous notice in writing given, requiring the possession thereof by the person entitled thereto, the person so holding over shall pay to the person so kept out of possession double the yearly rent of the lands or tenements so detained for all the time he shall keep the person entitled thereto out of possession.
A.C.A. § 18-16-106(a) (emphasis added).
The Arkansas Supreme Court has held many times that unambiguous statutory language must be interpreted just as it reads. See, e.g., Weiss v.Central Flying Service, 326 Ark. 685, 934 S.W.2d 211 (1996). Moreover, with regard to A.C.A. § 18-16-106, the court has specifically held that because the statute is penal in nature, it must be strictly construed and cannot be extended beyond its express terms. Lesser-Goldman Cotton Co.v. Fletcher, 153 Ark. 17, 239 S.W. 742 (1922). For a strict application of this statute, see Weeks v. McClanahan, 227 Ark. 495, 300 S.W.2d 6
(1957) (this statute has no application to anyone unless he has been given the required written notice).
I must therefore conclude that because written notice is plainly required by A.C.A. § 18-16-106, verbal notice in lieu of written notice will not suffice.
Question 7 — Would a verbal notice to vacate (in lieu of writtennotice), given by a landlord to a tenant, be sufficient under A.C.A. §18-16-101, -106, and -108?
It is my opinion that verbal notice in lieu of written notice is not sufficient under A.C.A. § 18-16-106. See response to Question 6.
It is my opinion further, for the reasons stated in response to Question 6, that verbal notice in lieu of written notice is also not sufficient under the provisions of A.C.A. § 18-16-101. That section, like section -106, plainly requires written notice, stating in pertinent part:
 18-16-101. Failure to pay rent — Refusal to vacate upon notice — Penalty.
 (a) If after ten (10) days' notice in writing shall have been given by the landlord or his agent or attorney to the tenant to vacate the dwelling house or other building or land, the tenant shall willfully refuse to vacate and surrender the possession of the premises to the landlord or his agent or attorney, the tenant shall be guilty of a misdemeanor.
A.C.A. § 18-16-101(a) (emphasis added). Because of the above-quoted unambiguous language requiring written notice, and because of the rules of law stated in response to Question 6, I must conclude that verbal notice does not suffice under A.C.A. § 18-16-101.
A.C.A. § 18-16-108 does not address or deal with the issue of notice to vacate. This question of whether proper notice to vacate was given is not relevant to the applicability of A.C.A. § 18-16-108.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] With regard to this conclusion, I must point out two important matters. First, you have not inquired as to the constitutionality of A.C.A. § 18-16-108, nor have I addressed the issue. Nevertheless, it should be noted that the lack of required procedural safeguards (such as notice) could give rise to a constitutional challenge to this statute on due process grounds.
Second, in circumstances in which a third party claims an interest in the property in question, a dispute could arise between the landlord and the third party, and could result in the third party's interest being deemed prior to the landlord's interest. See Herringer v. Mercantile Bank,315 Ark. 218, 866 S.W.2d 390 (1993). A.C.A. § 18-16-108 does not address the situation in which a third party asserts an interest in the property. Even though the statute does not require notice to third parties, those parties' interests nevertheless may remain viable by virtue of the law under which the third party claims the interest. For example, the third party may hold a duly perfected security interest in the property under the Uniform Commercial Code (codified in Arkansas at A.C.A. § 4-1-101 etseq.).