WILLIAM I. PHILLIPS and ESTELLE I. PHILLIPS v. ACACIA MUTUAL LIFE INSURANCE COMPANY (formerly known as Acacia Mutual Life Association).

168 So. 34.
Division B.
Opinion Filed April 24, 1936.
Rehearing Denied May 25, 1936.

*Ruff & Ready,* for Appellants;
*Henry K. Gibson,* for Appellee.

TERRELL, J.—This appeal is from various and sundry decrees entered in a mortgage foreclosure suit, including a decree overruling a motion to file a bill of review after the final decree of foreclosure and sale.

It is contended that the judgment below should be reversed because the mortgage foreclosed was executed under duress, that the mortgagors never appeared before the notary public or witnesses to execute or acknowledge the making of the mortgage, that the special master's sale was advertised for February 5 and was held February 4, and that the final decree was acquired by misrepresentation and fraud.

The record discloses that appellants, who were defendants below, were represented by able counsel and that every possible defense was entered in their behalf, they do not deny getting the money the mortgage was given to secure, their notes were extended and a new contract made when the loan matured under the first contract, and no part of the principal has been returned. The final decree was by consent of counsel for both parties and was approved in good faith by them and the chancellor. The petition for bill of review and this appeal is an attempt on the part of appellants to relitigate the cause by new counsel.

The rule is general and is approved by this Court that any defenses in behalf of either party are waived by stipulation and consent for a final decree. If the defendant assents to a decree by its solicitor it is equivalent to a finding of fact that the solicitor was authorized to act as he did and it binds the court on appeal so far as the question is one of fact. It is also an admission that the facts existed on which the decree rests. Pacific Railroad Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; Hefferman v. Burt, 7 Iowa 320, 71 Am. Dec. 445; Dunman v. Hartwell, 9 Tex. 495, 60 A. M. Dec. 176; 25 R. C. L. 1098.

We have examined the record and even if the final decree had not been entered by consent of counsel there is a failure to show ground for reversal. The evidence supporting the

charge of duress fails completely to meet the test required of such evidence. 5 R. C. L. 807, and cases cited. The notary's certificate is regular on its face and the attempt to overthrow it is concluded by Harold v. Hardin, 95 Fla. 889, 116 So. 863; see also Jones on Mortgages, Vol 1, Section 618.

As to charges of fraud it is shown that these were many and frequent and were all examined by the chancellor who ruled against them. We find no reason whatever to reverse him on this or any other assignment.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.