**UNITED STATES of America, Plaintiff-Appellee,**

v.

**R & D ONE STOP RECORDS, INC., et al., Defendants-Appellants.**

No. 80–1474
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1981.

Wilson, Miller, Spivey, Sheehy, Knowles & Hardy, James W. Knowles, Tyler, Tex., for defendants-appellants.

Janet Hellmich, Asst. U. S. Atty., Tyler, Tex., Russell L. Caplan, Michael Kimmel, Attys., Civ. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This case arises from a default on a Small Business Administration (SBA) promissory note with a 100% guaranty by the president of a company and three other individuals. Finding that the government was entitled to summary judgment in its favor, we affirm.

## I.

In November 1974, R & D One Stop Records, Inc. (R & D), a Texas corporation, executed and delivered to the Dallas office of the SBA a promissory note in the principal sum of $100,000. The note was unconditionally guaranteed, 100% of the principal and interest, jointly and severally, by the president of the company, Randye M. Rand, and three other individuals, Dr. Martin L. Edwards, Jr., Dr. Earl W. Rand, and Simon A. Edwards (deceased).[1] Upon default on the note the government brought suit against the principal debtor and the guarantors. While admitting their signatures on the guaranty agreement, the guarantors argued they were unaware of the nature of the agreement which they believed was "only a formality". They contend that representatives of the SBA misrepresented the nature of the guaranty, indicating that no individual recourse against the guarantors was contemplated. These misrepresentations induced the signing of the guaranty under the belief that they were guaranteeing at most only 10% of the loan, with the remaining 90% to be guaranteed by the

SBA. The District Court, without stating its findings of fact or law, granted summary judgment on the basis that no material issue of fact existed. The defendants' subsequent motion to amend the judgment was denied in an order which included findings that the U. S. is not bound by the unauthorized actions of its agents. From the order, the guarantors appeal, contending summary judgment was improper since issues of fact existed, including their defense of fraud or mutual mistake.

## II.

In assessing the rights and duties of parties to a guaranty agreement, the initial inquiry must focus on the instrument itself. *United States v. Outriggers, Inc.*, 549 F.2d 337, 338 (5th Cir. 1977). The guaranty expressly states that to induce the SBA to grant the loan those signing unconditionally guarantee any amounts unpaid by the borrower[2] and its terms also foreclose the guarantors' argument that the guaranty was only for 10% of the loan.

## III.

The possible misrepresentations by SBA representatives are of no help to guarantors in their defense of fraud or mutual mistake. Even assuming such misrepresentations were made, the United States is not bound by actions of its agents exceeding their scope of authority. *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Prater v. United States*, 612 F.2d 157, 159–60 (5th Cir.), rehearing granted, 618 F.2d 263 (1980);

---

1. Dr. Martin Edwards serves as Independent Executor of the estate of Simon A. Edwards, and was sued both in his representative and individual capacity.

2. In order to induce Small Business Administration ... to make a loan ... the Undersigned [guarantors] hereby unconditionally guarantees to Lender ... the due and punctual payment when due ... of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Debtor, made by the Debtor to Lender, dated 11/9/74 in the principal amount of $100,000 ....

....
In case the Debtor shall fail to pay all or any part of the Liabilities when due, ... the Undersigned, ... will pay to Lender the amount due and unpaid by the Debtor as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the Undersigned. Lender shall not be required, prior to any such demand on, or payment by, the Undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the Debtor or others with respect to the payment of any of the Liabilities....

*Dresser Industries, Inc. v. United States,* 596 F.2d 1231, 1236–37 (5th Cir. 1979), *cert. denied,* 444 U.S. 1044, 100 S.Ct. 731, 62 L.Ed.2d 730 (1980); *United States v. State of Florida,* 482 F.2d 205, 209–10 (5th Cir. 1973). "On the issue of fraud raised by the defendants, the district court held that even if the bank or SBA officials told the guarantors that they would not be liable on their guaranties, the guarantors were obligated to ascertain whether such officials were acting within the scope of their authority in doing this." *United States v. Lowell,* 557 F.2d 70, 72 (6th Cir. 1977).

Here any claimed representations, including that no individual recourse was planned, were not within the authority of the agents. Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power.

*Federal Crop Insurance Corp. v. Merrill,* 332 U.S. at 384, 68 S.Ct. at 3, 92 L.Ed. at 15. The applicable federal regulations of the SBA support the conclusion that the agents were without authority to make these representations.[3]

## IV.

■ Summary judgment is appropriate when, viewed in the light most favorable to

---

3. The relevant portions of the Small Business Administration Standards of Conduct, 13 C.F.R. § 105 (1975) in effect at the time of securing the loan provided:

§ 105.735-3-4 Preferential treatment to or discrimination against private interests.

No employee or special Government employee in the conduct of official business shall afford preferential treatment to or discriminate against any person, firm, corporation, or other entity.

§ 105.735-4 Conflicts between personal or pecuniary interests of employees and the Government.

The interest of the Government must remain paramount and take precedence over the personal pecuniary interests of all employees. The employee does not function as an individual but merely as a representative or arm of the Government.

§ 105.735-5 Conflicts between personal opinions of employees and Government policy.

In the conduct of all official business, personal opinions of every Government employee must necessarily be completely subordinated to established Government policy relating to Administration programs. Every act of an employee in the discharge of official duties and responsibilities may become an act of the U.S. Government.

§ 105.735-8 General standard of conduct.

(a) No employee shall engage in criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct, or other conduct prejudicial to the Government. Furthermore, each employee shall conduct himself in such manner that the work of the Administration is effectively accomplished . . . .

The regulations in effect in November 1974 were revised on July 19, 1976 to include additional restrictions. The District Court, in its opinion, referred to the amended regulations, stating that "[a] reference to 13 C.F.R. §§ 105.-301(a), (c), (e), and (h), and 105.509(4), would have revealed the representatives' complete lack of authority to make such representations."

The relevant portions of the revised Small Business Administration Standards of Conduct, 13 C.F.R. § 105 (1980) provide:

§ 105.301 General requirements.

(a) No employee in the conduct of official business shall grant preferential treatment to or discriminate against any person.

(b) In the performance of official duties, the interest of the Government is paramount and takes precedence over the private pecuniary and other interests of all employees and third parties.

(c) In the conduct of official business, the personal opinions of every employee must be subordinated to established Government policy and SBA procedures. No employee shall substitute his personal opinions or judgments for established Government policy.

. . . .

(e) Every employee shall conduct himself in such a manner that the work of SBA will be effectively and efficiently accomplished.

. . . .

(h) No employee shall make a Government decision outside official channels.

§ 105.509 Distortion of records; false statements.

(a) No employee shall:

. . . .

(4) While acting as an SBA employee, knowingly make any false statement to the detriment of the Government or another employee.

**436**

the opposing party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458, 461 (1962); *Cubbage v. Averett*, 626 F.2d 1307, 1308 (5th Cir. 1980); *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980); *Keating v. Jones Development of Missouri, Inc.*, 398 F.2d 1011, 1013 (5th Cir. 1968). Since the United States is not bound by any misrepresentations of its agents outside the scope of their authority, any factual dispute about these statements inducing the guaranty is irrelevant even if, as claimed, misrepresentations were indeed made. The government, as the District Court correctly held, was entitled to summary judgment as a matter of law.

AFFIRMED.