**LOCAL NO. 370, BAKERY, CONFECTIONERY AND TOBACCO WORKERS INTERNATIONAL UNION OF AMERICA, AFL–CIO and James E. Ray, Sr., Plaintiffs-Appellees,**

v.

**COTTON BROS. BAKING CO., INC., Defendant-Appellant.**

No. 81–3188.

United States Court of Appeals, Fifth Circuit.

April 9, 1982.

Before BROWN, GEE and GARWOOD, Circuit Judges.

PER CURIAM:

This suit originated with a grievance filed by James E. Ray, a member of Local No. 370, Bakery, Confectionery and Tobacco Workers International Union of America, AFL–CIO (Union), against his employer, Cotton Brothers Baking Co., Inc. (Cotton Brothers). Mr. Ray, who had a history of tardiness and absenteeism, experienced automobile problems on the morning of March 4, 1979, which made it difficult to get to work. Later that day, Ray was fired, and subsequently he filed a grievance. The collective bargaining agreement between the Union and Cotton Brothers provided for arbitration of such disputes, and, after a hearing, the arbitrator found (i) that Cotton Brothers had not properly and objectively investigated the incident, and (ii) that Ray's failure to report to work after his car broke down did not constitute just cause to fire him. On the basis of these findings, Ray's reinstatement with back pay was ordered. Cotton Brothers refused to comply with the order, and this action was brought by the Union and Ray to enforce the arbitrator's decision. Finding no errors in the arbitration proceedings or award, the District Court granted a summary judgment in favor of Ray and the Union. We affirm.

Summary judgment is appropriate when, viewing the case in a light most favorable to the opposing party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *U. S. v. R & D One Stop Records, Inc.*, 661 F.2d 433, 435–36 (5th Cir. 1981). In its order dated July 28, 1980, the District Court found no dispute as to the labor agreement providing for arbitration, the arbitrator's reinstatement of Ray, and Cotton Brothers' refusal to comply with the award. Citing the Steelworkers *trilogy*,[1] the District Court held that an arbitrator's decision under a

Ernest R. Malone, Jr., New Orleans, La., for defendant-appellant.

Daniel E. Broussard, Jr., Alexandria, La., for plaintiffs-appellees.

---

1. *United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

labor agreement must be enforced except under unusual circumstances. Because it was unable to substitute its judgment for that of the arbitrator, the District Court granted summary judgment to the Union and Ray. We are in full agreement that summary judgment was proper in this instance. "The courts ... have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim." *United ed Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1407 (1960).

In an earlier ruling, dated April 29, 1980, the District Court granted the Union's motion to strike Cotton Brothers' affirmative defenses and counterclaim on the basis of Louisiana's three month statute of limitations. La.Rev.Stat. 9:4213. We need not reach this issue in light of the District Court's later ruling, on the merits, that the bargained-for arbitrator's decision was supportable and binding. The trial judge's approach to and analysis of this case, when he finally ruled on the merits and granted a summary judgment, was not based upon the earlier order striking the defenses and counterclaim.

■ Finally, Cotton Brothers urges on appeal that the District Court should not have awarded attorney fees to the Union and Ray. "The District Court has authority to award attorney's fees where it determines that a party has without justification refused to abide by the award of an arbitrator." *United Steelworkers v. U. S. Gypsum Co.*, 492 F.2d 713, 734 (5th Cir.), *cert. denied*, 419 U.S. 998, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974). Cotton Brothers failed to present a genuine issue of material fact in opposing the motion to enforce the award, and under all the circumstances we cannot say that the District Court abused its discretion in the award of attorneys' fees.

AFFIRMED.