## UNITED STATES of America, Appellee,

v.

## J.T. SIZEMORE, Appellant.

### No. 83–2024.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Oct. 31, 1984.

Rehearing and Rehearing En Banc Denied Dec. 13, 1984.

Charles S. Gibson, Dermott, Ark., for appellant.

A. Douglas Chavis, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

LAY, Chief Judge.

The United States brought this action pursuant to 28 U.S.C. § 2410 (1982)[1] to redeem certain real property on which it held a second mortgage and which had been sold to J.T. Sizemore at a foreclosure sale. The trial court granted the United States' motion for summary judgment and ordered Sizemore to deed the property to the United States in return for his purchase price plus interest. Sizemore appeals from the trial court's order and judgment. We affirm the judgment of the district court.

**Facts**

The real estate involved was sold at public auction pursuant to a Consent Decree and Judgment ("Consent Decree"), entered

---

1. 28 U.S.C. § 2410 provides in pertinent part:
§ 2410. Actions affecting property on which United States has lien
(c) * * * Where a sale of real estate is made to satisfy a lien prior to that of the
United States, the United States shall have one year from the date of sale within which to redeem, * * *.

into and signed by all interested parties, including the United States. The decree was approved by the Honorable Henry Woods, United States District Court for the Eastern District of Arkansas, on August 20, 1982. The Consent Decree contained the provision that the "sale shall foreclose and forever bar all rights of redemption, including the statutory right of redemption, and all other right, title, claim and interest of the parties to this action in the said lands." The United States was a party to the Consent Decree because it held a junior lien on the property as a result of farm loans from Farmers Home Administration (FHA). The Assistant United States Attorney signed the Consent Decree on behalf of the United States.

Sizemore bought the property at the public auction held on August 20, 1982. However, because of a delay in the submission of the Consent Decree which prevented the United States' attendance at the sale, Judge Woods set the sale aside. On August 31, 1982, Judge Woods entered an Amended Consent Decree and Judgment ("Amended Consent Decree") which set aside the August 20 sale and ordered a new sale. The Amended Consent Decree stated the following:

> The sale shall foreclose and forever bar all rights of redemption and all other right, title, claim and interest of the parties to this action in said lands, *except the United States of America retains its right of redemption set forth in 28 U.S.C. § 2410.*
>
> The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.
>
> All the other terms and conditions of the sale shall remain as stated in the original consent decree and judgment. (Our emphasis).

Although Sizemore was not a party to the Amended Consent Decree, he subsequently intervened in the action by submitting a Petition to Confirm the Foreclosure Sale. The United States filed a response to Sizemore's petition on September 17, 1982, which stated: "The defendant United States of America will approve the confirmation of the sale held on August 20, 1982. However, once the sale is confirmed, the United States will exercise its right of redemption set forth at 28 U.S.C. § 2410 * * *." Thereafter, based on the August 20 Decree, *as amended by the August 31 Decree*, and Sizemore's petition and the response of the United States, the foreclosure sale was confirmed. On November 3, 1982, Judge Woods entered an order which "approved and confirmed in all respects" the August 20, 1982 foreclosure sale.

On February 15, 1983, the United States filed a complaint for redemption of the property claiming that the United States, as junior lienholder, was redeeming the property pursuant to 28 U.S.C. § 2410 and would pay Sizemore, as the sale purchaser, his purchase price with interest. In his answer, Sizemore alleged as an affirmative defense that, by the terms of the August 20 Decree, the United States waived its statutory right of redemption in the premises and therefore is estopped to assert such right. Sizemore further alleged that the court's order entered on November 3, 1982 confirmed the sale of the property pursuant to, and upon, the August 20 Decree. Thus, Sizemore contends that the United States' waiver of redemption rights remains viable notwithstanding the reservation of such rights by the United States in the Amended Consent Decree and in the United States' response to Sizemore's petition for confirmation of the foreclosure sale. Ruling on the United States' motion for summary judgment and Sizemore's cross motion for summary judgment, the trial court, the Honorable Elsijane Roy, concluded that the August 20 Decree did not bar the United States' right of redemption pursuant to 28 U.S.C. § 2410. The trial court initially found that, in approving the Consent Decree, neither the parties nor the court intended to foreclose the statutory right of the United States to redeem the property pursuant to 28 U.S.C. § 2410. Furthermore, the trial court found that the government attorney who represented the United States in signing the Consent De-

cree had no authority to waive the United States' statutory rights contained in 28 U.S.C. § 2410. This appeal followed.

**Discussion**

We need not reach the issue as to whether the United States attorney has the authority to waive the United States' statutory right of redemption. We affirm the district court on a different basis. Sizemore seeks to challenge the United States' right to redeem the subject property on the basis of the terms of the August 20 Decree which expressly waived the United States' statutory redemption rights. In doing so, however, Sizemore overlooks the fact that the August 20 Decree was amended by the August 31 Decree of Judge Woods. In this Amended Consent Decree, Judge Woods recognized the redemption rights of the United States and the sale was confirmed on November 3 pursuant to the terms of the Consent Decree *as amended.* The Amended Consent Decree states that all *other* terms of the Consent Decree, meaning terms other than the United States' statutory redemption rights, were to remain the same.

Although Sizemore did not receive immediate notice of the Amended Consent Decree, he did intervene in the action for confirmation of the sale. Sizemore did have notice, therefore, of the United States' response to Sizemore's petition to confirm the sale, in which the United States agreed to confirm the foreclosure sale held on August 20. Sizemore overlooks the fact that the United States' consent to the sale was expressly conditioned on its right to redeem the property pursuant to 28 U.S.C. § 2410. When the August 20 sale had been set aside, the United States' consent was necessary in order to confirm the sale. Although Judge Woods' November 3 order confirming the foreclosure sale did not mention the United States' right to redeem, the order was based on the United States' conditional consent and on the terms of the Consent Decree as amended. Sizemore did not object to the United States' express assertion of its right to redeem during the proceedings; nor did he appeal or request

clarification of Judge Woods' order confirming the sale.

Under the circumstances we find that the sale was confirmed under the terms of the August 20 Decree, as amended on August 31, 1982. It is clear that the Amended Consent Decree preserved the United States' right of redemption under 28 U.S.C. § 2410, and that Judge Woods' November 3 order confirming the foreclosure sale was not intended to abridge the rights of the parties under the Consent Decree. Accordingly, we affirm the district court's Order and Judgment directing Sizemore to deed and convey the subject property to the United States in return for his purchase price plus interest.