**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Stanley WARFORD, Robert Ellison, and Ina Ellison, Defendants,**

**Gerald L. Rainwaters and Cecil R. Howell, Defendants-Appellants.**

**No. 85–5576.**

United States Court of Appeals, Eleventh Circuit.

June 24, 1986.

As Amended July 9, 1986.

---

Theodore L. Tripp, Jr., Moorey, Garvin & Tripp, P.A., Ft. Myers, Fla., for defendants-appellants.

B.B. Allen and Elizabeth Ruf Stein, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before FAY and KRAVITCH, Circuit Judges, and HENLEY [*], Senior Circuit Judge.

KRAVITCH, Circuit Judge:

The United States instituted this action, pursuant to 28 U.S.C. § 2410,[1] to redeem property that had been purchased by Rainwaters and Howell. Both sides moved for summary judgment. The district court granted the United States' motion and Rainwaters and Howell appealed. We must decide whether the United States' suit is barred by res judicata.

## I. BACKGROUND

This dispute involves property in Collier County, Florida. In February 1982, Robert and Ina Ellison filed an action in the Florida courts to foreclose a first mortgage. The Ellisons named the United States, a holder of a second mortgage on the property, as a defendant. In its answer to the Ellison complaint, the United States asserted its section 2410 right to redeem within one year from the date of the sale of the

---

[*] Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

**1.** 28 U.S.C. § 2410 provides in pertinent part:
Actions affecting property on which United States has lien

(c) ... Where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem ....

property. Subsequently, the United States stipulated to entry of final judgment in the state court. This judgment provided that the Ellisons' first mortgage would be foreclosed and the property sold at judicial sale. The final judgment also provided that all defendants would "be forever barred and foreclosed of any and all equity or right of redemption in ... the property." The United States did not appeal this judgment.

The property was sold at judicial sale on July 28, 1982, to the Ellisons. The United States had notice of the sale, but did not bid on it. The Ellisons gave the United States notice on December 14, 1982 that they considered the United States' redemption rights foreclosed by the state court final judgment. The United States responded on January 28, 1983, that it intended to assert its federal right of redemption which it claimed was preserved by its answer in the state court proceedings.[2]

On April 7, 1983, the Ellisons sold the property to Warford as trustee. On August 26, 1983, Warford conveyed the property to Rainwaters and Howell. On July 27, 1983, 364 days after the judicial sale to the Ellisons, the United States filed this suit for redemption.

## II. ANALYSIS

 Relying on *United States v. John Hancock Mutual Life Insurance Co.,* 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960), the district court granted summary judgment to the United States. In *John Hancock,* the Court resolved a conflict of state and federal law. There, section 2410 provided the United States one year to redeem property on which it held a lien, but during that same period, state law granted primary mortgagors exclusive redemption rights. Thus, the state law would have extin-

guished the United States' right of redemption in favor of senior mortgagors. Not surprisingly, the *John Hancock* Court reiterated that where federal and state statutes conflict, state law must yield. *Id.* at 304–05, 81 S.Ct. at 3–4. *John Hancock* is distinguishable because the instant case presents no federal-state statutory conflict. Here, the United States' redemption right was extinguished by a nondiscriminatory state procedure in which the United States participated. As demonstrated by *United States v. Brosnan,* 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960), nondiscriminatory state procedures can adjudicate the existence of federal liens "because [these] liens intrude upon relationships traditionally governed by state law." *Id.* at 240, 80 S.Ct. at 1111. Accordingly, the district court's reliance on *John Hancock* was misplaced.

 Where the United States has been made a party to an action on which it has a mortgage lien, "a judgment ... shall have the same effect respecting the discharge of the property from the mortgage ... held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated." 28 U.S.C. § 2410(c). The statute gives the United States a right of redemption, *id.,* but binds it to state foreclosure judgments in which it has been named as a defendant. 28 U.S.C. § 2410(a), (c). As such, section 2410 is a waiver of the United States' sovereign immunity. *Cf. Brosnan,* 363 U.S. at 246–47, 80 S.Ct. at 1113–14 ("If ... § 2410 were invoked to extinguish a federal lien, a subsequent suit to quiet title obviously would not be necessary.... Congress must have recognized the possibility that state procedures might affect federal liens."). Where the res judicata effect of state proceedings would bar the

---

**2.** In the January 28, 1983 correspondence with the Ellisons' attorney, the government also asserted that it had not received notice of the sale and was thus deprived of the opportunity to bid on the property. In answer to defendants' admissions request, however, the government con-

ceded that it had received actual notice of the sale. We note that the June 28, 1982 state foreclosure judgment, to which the United States stipulated, explicitly set out the time, date and place where the property was to be auctioned.

United States from relitigating a dispute in state courts, the United States cannot relitigate the same controversy in federal courts. *Mills v. Duryee*, 11 U.S. (7 Cranch) 481, 483–85, 3 L.Ed. 411 (1813); *Ultracashmere House Ltd. v. Meyer*, 664 F.2d 1176, 1183 (11th Cir.1981); *see* 28 U.S.C. § 1738. Florida law holds that a party cannot relitigate its lost right of redemption where that right has been specifically foreclosed. *Phillips v. Acacia Mutual Life Insurance Co.*, 124 Fla. 179, 168 So. 34 (1936); *Hair v. Commercial Bank*, 112 Fla. 499, 152 So. 180 (1933). Appellants argue that the plain language of the judgment, that defendants' redemption claims were "forever barred," indicates that the United States' redemption rights were specifically foreclosed. We agree. The United States litigated its redemption claim in state court and stipulated to final judgment. The government cannot now attempt to relitigate this action in federal court.

■ In *United States v. Perry*, 473 F.2d 643 (5th Cir.1973) [3] the former Fifth Circuit determined that where the United States held an inferior lien, was a named party in state proceedings, and received proper notice, a state court properly divested the United States of its interest by foreclosure in accordance with state law. As in *Perry*, the government challenges a state judgment that determined both the validity and extent of claims to real property where the United States was a named party. As in *Perry*, we do not disturb the finality that must be accorded the state court's judgment clearing title. *Id.* at 646–47. Indeed this case is more compelling than *Perry*. In *Perry* the government, although named as a defendant in state quiet title proceedings, did not appear or file a brief. Nonetheless, the former Fifth Circuit held that the government was bound by the state court's determination. Here, not only was the government a named defendant, it participated in the state proceedings. Moreover, in *Perry* the government alleged that its right of redemption was negated by a fraudulent conveyance. *Id.* at 648. Here, the government does not allege fraud, it merely asserts that its acquiescence in the state judgment was error. Given that bare assertions of fraud are insufficient to permit the government to reopen a quiet title action, it would be anomalous to reopen this similar action on the grounds that the government erred in its consent to final judgment. *See id.* at 649 (Brown, C.J., concurring) (although government had not participated in state quiet title action, it could not collaterally attack state judgment because it had negligently ignored notice of state action).

■ The government attempts to distinguish *Perry* by noting that here it explicitly reserved its federal redemption rights in its answer to the state court complaint. The government argues that the *Perry* court barred the United States' federal suit because the United States had failed to assert its claim in state court. Thus, unlike *Perry*, in this case the United States had asserted its statutory redemption right in the state court proceedings. This distinction, however, overlooks the fact that after asserting its right of redemption, the United States explicitly stipulated to the entry of a final judgment that foreclosed its right of redemption.

■ The government also argues that it stipulated to the entry of final judgment because it regarded the state court's order as foreclosing only the United States' redemption rights under Florida law.[4] The government buttresses its argument by

3. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4. The state law right of redemption differs from the United States' federal redemption rights in that, under state law, a party must redeem prior to the sale of property. As has been stated, under 28 U.S.C. § 2410(c) the United States has

noting that the judgment refers to a *right* of redemption, not *rights* of redemption. Therefore, the government contends that it was justified in assuming that the state court intended only to adjudicate its state right of redemption. Federal case law and Florida rules of procedure, however, indicate that the government should have remedied its error by seeking to reopen, modify or clarify the state judgment in state court instead of initiating this end run in the federal court.

*United States v. Sizemore*, 747 F.2d 470 (8th Cir.1984) held that although a consent decree called for the United States to waive its right to redeem property on which it held a junior lien, the government was entitled to redeem property where the court amended the consent decree to preserve the United States' right of redemption. *Sizemore* allowed the government to utilize available court procedures to remedy its "mistake." The initial *Sizemore* proceedings were in federal court and therefore the government returned to that court to amend the decree extinguishing its statutory redemption rights. Applying *Sizemore* analogously suggests that here the government should have returned to state court, where the initial judgment extinguishing redemption rights was entered, and followed available state court procedures to reopen the judgment. Florida R.Civ.P. 1.540(b) allows parties to petition for relief from final judgment acquiesced in by mistake provided that the motion is made within one year after judgment was entered. The government, however, by-

passed this avenue of relief.[5] We conclude, therefore, that the United States Attorney cannot now assert in collateral proceedings that he mistakenly thought the state court judgment only waived the state, not federal, right of redemption.

■ The United States' final argument is that the Assistant United States Attorney (AUSA) did not have the authority to waive the statutory right of redemption. *See United States v. R & D One Stop Records, Inc.*, 661 F.2d 433 (5th Cir.1981). Federal regulations limit the settlement authority delegated to AUSAs. Settlements in cases involving property over $100,000 must be approved by the Judgment Enforcement Unit of the Department of Justice. Directive No. 145–81, 28 C.F.R. § 0 Appendix to Subpart Y. The government argues that the property here was valued at $150,000 and therefore the AUSA could not have consented to the state court final judgment because Department of Justice approval was necessary. This last argument is without merit.[6] Although both parties' pleadings indicate that the property is worth more than the price paid by the Ellisons at the foreclosure sale, there has been no finding by any court as to the value of the Collier County property. The United States has offered the Ellisons $12,427.30 to redeem the property, while indicating that it will accept $138,000 to forego its right of redemption. Given the volatile nature of real estate valuations, however, we will not void the state court's judgment based on the United States' unilateral de-

---

a period of one year after the sale of property in order to exercise its redemption rights.

**5.** After the government indicated that it intended to redeem the property, it received notice from opposing counsel calling its attention to the express waiver of all redemption rights in the Florida judgment. The government received this notice on December 14, 1982—a little less than six months after the judgment had been entered. The government thus had six more months in which to seek to reopen the judgment on the grounds that it had erred.

Rule 1.540(b) also provides that a party may move to reopen a judgment, regardless of the

one year limitation period, where judgment was obtained by a fraud on the court. The government, however, does not contend that the Florida court was defrauded.

**6.** This argument is also inconsistent with the government's position that it intended to waive only its state right of redemption. The government cannot argue that it intended to waive some rights, but not others where it also contends that the AUSA in charge of the case could not waive the government's interest without the Justice Department's approval.

termination that the property is now worth more than $100,000. To hold otherwise would enable the United States to reopen state title actions whenever it was dissatisfied with the state judgment by claiming that an AUSA had overstepped his authority. This result would be incompatible with the finality, contemplated by the drafters of section 2410, that must be accorded state mortgage foreclosure determinations. *See Perry*, 473 F.2d at 646.

Accordingly, we REVERSE and REMAND with instructions to enter summary judgment for appellants.

HENLEY, Senior Circuit Judge, concurring in part and dissenting in part:

To a large extent I agree with the opinion of the panel and I agree that the government is not entitled to summary judgment. However, for reasons to be stated, I would reverse and remand for dismissal without prejudice.

Here, the government takes the position that the property is worth $150,000.00. The appellants assert in their answer that the property is worth "in excess of ten times" $12,427.30. Thus, so far as we are concerned in this summary judgment proceeding, the property must be considered as worth more than $100,000.00 and we must face squarely the question whether we will void the state court's foreclosure judgment and sale by reason of lack of authority in the Assistant United States Attorney to waive or settle the government's statutory right of redemption. *See* 28 C.F.R. § 0 Appendix to Subpart 4, Directive No. 145–81.

Assuming the waiver is a "settlement," an assumption that may not be entirely warranted, I conclude that in present circumstances we may not relitigate in the federal courts the ultimate question of redemption.

At this juncture it should be made clear that those who deal with an agent of the government are bound by limitations on that agent's authority. *See United States v. R & D One Stop Records, Inc.*, 661 F.2d 433, 434 (5th Cir.1981). Although federal appellate courts in general seem not to have dealt directly with the limitation at issue here, at least one such court saw fit not to reverse a district court's holding that the United States Attorney had no authority to waive the statutory right of redemption provided by 28 U.S.C. § 2410. *United States v. Sizemore*, 747 F.2d 470, 472 (8th Cir.1984); *cf. United States v. Florida*, 482 F.2d 205, 209 (5th Cir.1973) (government is not estopped by unauthorized acts of its agents). I agree with the district court in *Sizemore*[1] as well as with Judge Nesbitt[2] here that the alleged waiver was ineffectual.

But that does not end the matter. In enacting § 2410 the Congress was making an effort to bring some finality and uniformity, at least within any given state, to mortgage foreclosure proceedings and as Judge Kravitch has observed was willing to waive federal sovereignty to a degree in order to permit state adjudication of federal liens. 28 U.S.C. § 2410(a), (c). *See supra* p. 1522.

Waiver of sovereignty is to be construed strictly in favor of the sovereign when conflict of federal waiver and state procedures arise. *See United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *cf. United States v. John Hancock Mutual Life Insurance Co.*, 364 U.S. 301, 304–05, 81 S.Ct. 1, 3–4, 5 L.Ed.2d 1 (1960) (federal statute overrides state law due to Supremacy Clause). This, however, does not mean that in present circumstances we should entertain an attack on a Florida judgment of foreclosure. Here, the United States chose to litigate in

1. Unreported order and judgment of The Honorable Elsijane T. Roy, United States District Judge, Eastern and Western Districts of Arkansas, *United States v. Sizemore*, No. PB–C–83–47 (E.D.Ark. June 17, 1983).

2. The Honorable Lenore C. Nesbitt, United States District Judge, Southern District of Florida.

the Florida court when it could have removed to the United States District Court. Absent some unusual circumstances not here apparent, the government should be required to live with its choice, and attack the Florida judgment or attempt redemption in the Florida courts. After all, redemption from a foreclosure sale is in a large sense adjunctive or ancillary to the judicial foreclosure and ordinarily should be pursued in the court that conducted the sale in the first place. *Cf. Smith v. Simpson*, 129 Ark. 275, 195 S.W. 1067 (1917) (stating difference between equity of redemption and statutory right of redemption).

We are told that in Florida a judgment may be reopened for mistake only within a year, and that the government does not claim fraud for which Florida will permit reopening without time limitation. Fla.R. Civ.P. 1.540(b). However, we are cited to no case in which Florida courts have considered the question whether in light of facts as here alleged a constructive fraud may have been practiced on the court or the question whether in light of lack of authority to waive the redemption right under § 2410 the Florida judgment is void or voidable.

After all, the courts of Florida are fully competent to decide federal questions and are uniquely qualified to interpret or declare the law of Florida. On principles of comity, without especially addressing res judicata or full faith and credit, I would remand this case with directions to dismiss without prejudice to any action the government might seek to bring in an appropriate court of the State of Florida.